RAFFAELE GRIECO, PLAINTIFF, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT.

Submitted May 11, 1928—Decided January 16, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Henry H. Fryling.*

*Contra, John W. Lyness* and *Edward A. Markley.*

PER CURIAM.

This case is before this court on a defendant's rule to show cause. The only question involved is whether the verdict of $14,000 rendered in favor of the plaintiff, Raffaele Grieco, against the Public Service Railway Company is excessive. The liability of the company was admitted. On March 25th, 1927, Grieco was waiting for a trolley car on Millburn ave-

nue, in the borough of Millburn, to take him to Newark. One Ciricello came along and invited him to ride in his automobile. He was riding in the automobile up a hill. A trolley car of the defendant was coming down the hill. The trolley car left the track and struck the automobile. Grieco was bent so that his head almost touched his feet. He was able to get home. On the following day he had to call in a physician. The physician was a young practitioner who strapped up Grieco's side where he complained of pain. The physician also thought there was a fracture of the ninth rib. Adhesive straps were placed over Grieco's back. X-ray photographs confirmed this diagnosis.

Grieco, however, did not get any better. He was sent to an eminent specialist of Plainfield. He advised that X-ray photographs be taken of Grieco's back. These were taken. The pictures showed, according to the testimony of the specialist, a displacement and dislocation of the sixth dorsal vertebra. This injury is known as "a compression fracture of the sixth dorsal vertebra."

The specialist says that Grieco could be operated upon at a cost of approximately $500, and by bone grafting, that is to say, taking a piece of bone out of his leg and putting it in the vertebra, could probably be relieved from the effect of his present condition. Four out of five of these operations are successful.

There was medical testimony offered by the defendant that Grieco suffered from a curvature of the spine and that the compression fracture mentioned was due to this curvature rather than to the accident. This curvature was due to the trade of Grieco, which was that of a shoemaker, which required sitting in one position a great part of the time. This left a disputed question for the jury under the medical testimony. We must accept the fact that the jury evidently considered that the injury to the sixth dorsal vertebra was due to the accident.

Grieco earned about $45 a week. He claimed at the trial that he could only work for a fraction of the week and that his loss was about $30 a week. This produced another disputed question for the determination of the jury as evidence was offered by the defendant that Grieco was seen in October and

November, 1927, in his place of business actively working for longer periods of time than he testified to.

It is difficult to determine whether or not this verdict is excessive. It is not compulsory for the plaintiff to undergo such an operation as described for the purpose of reducing the defendant's damages. It, of course, is not a certainty, if the operation were undertaken, that relief would be obtained from it. The plaintiff has lost in earnings some $1,600, if his statement is taken as true. He has been subject to considerable outlay (about $2,500) for medical expenses. If the injury continues without relief the plaintiff must suffer a great deal of pain in the future. His earning powers also, if the condition persists, will be greatly reduced. Under these circumstances we cannot say that the verdict is excessive. The rule to show cause will be discharged.